Roland W. GREEN, Petitioner,

v.

Sally B. LONG *, Respondent.

Family Court of Delaware,
Sussex County.

Submitted: Oct. 13, 1987.
Decided: Feb. 22, 1988.

Roland W. Green, pro se.

John M. Sandy of Thomas J. Stumpf and Associates, Georgetown, for respondent.

MILLMAN, Judge.

On June 30, 1987, Roland W. Green, hereafter referred to as petitioner, filed a petition to determine the paternity of Wayne T. Long,* who was born on December 9, 1986. Wayne's mother and respondent is Sally B. Long.* A hearing was held before a Master of this Court on August 13, 1987, and as a result of that hearing, the Master ordered the parties and the child to submit to medical testing as an aid in determining if the petitioner is the child's father. Respondent has filed a *review de novo* from the Master's order requiring this testing.

I

Respondent and George Long* were married in July, 1982. Because of marital

* A pseudonym employed to protect the person's privacy.

difficulties, respondent and Mr. Long separated in late 1985, and respondent soon thereafter began a relationship with the petitioner. It is admitted that the parties soon began to engage in sexual relations and continued to do so on a periodic basis until sometime in February or March, 1986, when the parties' relationship ended and respondent returned to her husband. Mr. Long testified that he and respondent began discussing a reconciliation in September, 1986 and, in fact, reconciled in late February, 1987. From September, 1986 until the time the parties reconciled, Mr. Long testified that he and respondent engaged in sexual relations on a periodic basis and as a result, he believes he is the biological father of Wayne. Respondent testified that during February and March, 1986, the time of conception of Wayne, she was having sexual relations with petitioner and her husband.

Upon learning of respondent's pregnancy, petitioner said that he assumed he was Wayne's father and respondent told him he was the father. While respondent did testify she believes petitioner is the biological father of Wayne, she stated Mr. Long has taken Wayne into his home and cared for him as if he was his own child.

Respondent opposes the order for medical testing and contends that the presumptions set forth in 13 *Del.C.* § 804 prohibit petitioner from obtaining an order for such testing. To hold otherwise, she contends, would create instability in the marriage relationship and endanger the time honored presumption of the legitimacy of a child born during wedlock. See *Petitioner F. v.*

*Respondent R.,* Del.Supr., 430 A.2d 1075 (1981).

## II

The issue now before the Court is the narrow one of whether petitioner is entitled to an order for medical testing to assist the Court in determining the issue of paternity. For the reasons set forth, I find that petitioner is entitled to an order requiring petitioner, respondent, the child, and petitioner's husband to undergo appropriate medical testing. 13 *Del.C.* § 808 and § 810(f)(3).

Title 13 of the *Delaware Code,* Chapter 8, *Uniform Parentage Act,* was enacted on July 19, 1983. Section 805(a) of this Act appears to change the long held public policy of the State prohibiting third parties to question the legitimacy of a child born in wedlock. *Petitioner F. v. Respondent F.,* supra. The section permits any interested person, including any man alleging himself to be the father of the child in question, to bring an action at any time for the determination of the existence or nonexistence of the father-and-child relationship with that child.[1]

While § 805(a) permits the bringing of an action of paternity, the Act is mindful of the dangers and consequences inherent in permitting a third party to bring such an action. Section 804(a) sets forth certain presumptions of paternity and § 804(b) permits these presumptions to be rebutted only by clear and convincing evidence.

Section 810(f)(1) through (7) sets forth the nature and kinds of evidence that will be permitted in hearings on the issue of paternity.[2]

---

**1.** Any interested party, including the child or his guardian; the mother or her representative, if deceased; an appropriate public agency; or a man alleged or alleging himself to be the father, or his guardian if a minor or his representative is deceased; may bring an action at any time for the purpose of determining the existence or nonexistence of the father-and-child relationship with respect to any child. 13 *Del.C.* § 805(a).

**2.** (1) Evidence of sexual intercourse between the mother and alleged father or any other man at or about any possible time of conception;

(2) An expert's opinion concerning the statistical probability of the alleged father's paternity.

(3) Medical, scientific, genetic or anthropological evidence relating to the alleged father's paternity of the child based on tests performed by experts. If a man has been identified as a possible father of the child, the Court may, and upon timely request of a party or on its own motion, shall require the child, the mother and the alleged father to submit to appropriate tests;

(4) Respondent's refusal to submit to blood tests;

(5) The chain of custody of the blood samples when established by verified documentation;

Section 810(f)(3) recognizes the scientific advances that have taken place regarding the reliability of certain medical testing, particularly the Human Leukocyte Antigen (HLA) test which involves the examination of tissue as evidence in determining paternity. *See, Blake v. Division of Child Support Enforcement,* Del.Supr., 525 A.2d 154 (1987). These medical tests are helpful not only in excluding an alleged father but also in determining the probability of paternity of an alleged or claimed father that is not excluded by the test.

▪ Accordingly, based on the clear statutory language of § 805(a) petitioner is entitled to an order requiring medical testing of not only himself but of the respondent and Wayne. Moreover, § 808 permits Mr. Long to be made a party to this action and to undergo chemical testing as well.[3]

▪ Petitioner shall pay within the next 15 days any additional sums necessary to cover the cost of medical testing for the petitioner, respondent, Wayne and Mr. Long. A determination as to the assessment of costs will be made after the determination of parentage.

IT IS SO ORDERED.

(6) The results of such tests along with the probability of paternity, verified by a written report, unless there is a timely request for personal testimony by the expert, in which case the interrogatory or deposition process referred to hereafter may be used if the expert witness is beyond the reach of the Court's process; and

(7) All other evidence relevant to the issue of the paternity of the child.

**3.** The child may be made a party to an action under this chapter. The Court, upon proper application or on its own motion, may appoint a guardian ad litem for the best interest of the child. The mother, each man presumed to be the father under § 804 of this title, and each man alleged by any party to be the father, shall be made parties or, if not subject to the jurisdiction of the Court, shall be given notice of the action in a manner prescribed by the Court and an opportunity to be heard. The Court may align the parties.